**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**MELISSA MACINTYRE,**

    *Plaintiff*,

**v.**                                                      **Case No. 5:25-CV-00799-JKP**

**ASTRION GROUP LLC,**

    *Defendant*.

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Astrion Group LLC's ("Astrion") Partial Motion to Dismiss for Failure to State a Claim, (*ECF No. 23*). Plaintiff Melissa Macintyre filed a Response, (*ECF No. 28*), to which Astrion filed a Reply, (*ECF No. 29*). Upon due consideration, Astrion's Partial Motion to Dismiss, (*ECF No. 23*), shall be granted

**BACKGROUND**

This case concerns Plaintiff Melissa Macintyre's ("Macintyre") former employment with Defendant Astrion Group LLC ("Astrion"). *See*, *generally*, *ECF No. 22*. As alleged, Astrion hired Macintyre in April 2024 as an engineer and, on October 31, 2024, Astrion terminated Macintyre. *Id*. at 6–8. In her Amended Complaint Macintyre alleges, among other things, discrimination and retaliation due to her age (forty-seven), disability (anxiety), and sex (female). *Id*.

In Macintyre's Amended Complaint, Macintyre asserts the following causes of action:

(1)    Sex Discrimination Under 42 U.S.C. §2000e, et. seq.;

(2)    Retaliation for Complaints of Discrimination Based on Sex Under 42 U.S.C. §2000e, et. seq.;

(3)    Discrimination Under 38 U.S.C. §§ 4301 et. seq.;

(4)    Disability Discrimination Under ADA, 42 U.S.C. § 12101, et. seq.;

(5)    Hostile Work Environment and Intimidation in Violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000, et. seq.;

(6)    Hostile Work Environment and Intimidation in Violation of ADA, 42 U.S.C. § 12101, et. seq.;

(7)    Retaliation Under 38 U.S.C. § 4311(b);

(8)    Denial of Benefits of Employment Under 38 U.S.C. § 4311(a);

(9)    Age Discrimination Under 29 § 621, et. seq.;

(10)   Retaliation for Complaints of Discrimination Based on Age Under 29 U.S.C. § 621, et. seq.; and

(11)   Hostile Work Environment and Intimidation in Violation of ADEA Under 29 U.S.C. § 621, et. seq.

*ECF No. 22* at 9–31.

Astrion now moves to dismiss Macintyre's causes of action "under the Americans with Disabilities Act . . . and the Age Discrimination in Employment Act . . . for failure to exhaust required administrative remedies." *ECF No. 23* at 2. Accordingly, Astrion moves to dismiss the following causes of action:

(4)    Disability Discrimination Under ADA, 42 U.S.C. § 12101, et. seq.;

(6)    Hostile Work Environment and Intimidation in Violation of ADA, 42 U.S.C. § 12101, et. seq.;

(9)    Age Discrimination Under 29 § 621, et. seq.;

(10)    Retaliation for Complaints of Discrimination Based on Age Under 29 U.S.C. § 621, et. seq.; and

(11)    Hostile Work Environment and Intimidation in Violation of ADEA Under 29 U.S.C. § 621, et. seq.

*ECF No. 22* at 9–31.

## LEGAL STANDARD

To provide opposing parties fair notice of the asserted cause of action and the grounds upon which it rests, every pleading must contain a short and plain statement of the cause of action which shows the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To satisfy this requirement, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555–558, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The focus is not on whether the plaintiff will ultimately prevail, but whether that party should be permitted to present evidence to support adequately asserted causes of action. *Id.*; *Twombly*, 550 U.S. at 563 n.8.

To warrant dismissal under Federal Rule 12(b)(6), a complaint must, on its face, show a bar to relief or demonstrate "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Fed. R. Civ. P. 12(b)(6); *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986). Dismissal "can be based either on a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Frith v. Guardian Life Ins. Co.*, 9 F. Supp.2d 734, 737–38 (S.D. Tex. 1998). "Thus, the court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Jones v.*

*Greninger*, 188 F.3d 322, 324 (5th Cir. 1999); *Vander Zee v. Reno*, 73 F.3d 1365, 1368 (5th Cir. 1996). When reviewing the complaint, the "court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones*, 188 F.3d at 324).

The pleadings of *pro se* litigants are held to a more lenient standard than those of attorneys and are construed liberally to prevent a loss of rights that might result from inartful expression. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002). However, *pro se* plaintiffs are required to plead factual allegations that rise above a speculative level, and courts should not create causes of action where none exist. *Chhim v. University of Texas at Austin*, 836 F.3d 467, 469 (5th Cir. 2016). A *pro se* litigant should ordinarily be offered an opportunity to amend his complaint before it is dismissed but leave to amend is not required if an amendment would be futile, or if, in other words, an amended complaint would still fail to survive a Federal Rule 12(b)(6) motion to dismiss. *Mendoza-Tarango v. Flores*, 982 F.3d 395, 402 (5th Cir. 2020); *Marucci Sports, L.L.C. v. NCAA*, 751 F.3d 368, 378 (5th Cir. 2014).

## ANALYSIS

Astrion argues Macintyre's Charge of Discrimination ("the Charge") filed with the Equal Employment Opportunity Commission ("EEOC") "solely contains facts relating to alleged discrimination and harassment based on sex and related retaliation [] in violation of Title VII of the Civil Rights Act of 1964 ("Title VII")," and does not "state any facts that she experienced any discrimination or harassment relating to her disability or age or engaged in protected opposition to age discrimination." *ECF No. 23* at 2. In her Response, Macintyre counters she indicated in a pre-charge Inquiry Form submitted to the EEOC and in discussions with an EEOC investigator that additional bases for her claims were age and disability. *ECF No. 28* at 2–3.

4

The EEOC enforces employment discrimination claims brought under Title VII, the Americans with Disabilities Act ("ADA"), the Age Discrimination in Employment Act ("ADEA"), and other statutes. *See* 42 U.S.C. § 12117(a). Before a plaintiff can sue in federal court for violations of Title VII, the ADA, or the ADEA, "she must first file a timely charge with the EEOC, or with a state or local agency with authority to grant or seek relief from the alleged unlawful employment practice." *Dao v. Auchan Hypermarket*, 96 F.3d 787, 788 (5th Cir. 1996) (discussing the requirement for ADA claims); *see also McClain v. Lefkin Indus., Inc.*, 519 F.3d 624, 673 (5th Cir. 2008) (applying the same requirement to Title VII claims); *Bettcher v. Brown Schs., Inc.*, 262 F.3d 492, 494 (5th Cir. 2001) (ADEA claims).

Plaintiffs satisfy the exhaustion requirement by filing a charge and receiving a "right-to-sue" letter from the EEOC or relevant state or local agency. *Dao*, 96 F.3d at 788 (discussing *Nilsen v. City of Moss Point, Miss.*, 621 F.2d 117, 120 (5th Cir. 1980)). Any resulting lawsuit must be limited to the scope of the EEOC's investigation, reasonably expected to flow from the charge, and filed within a statutory timeframe. *Id.*; *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970). When determining if a complaint exceeds the scope of the EEOC proceeding, courts constrain their analysis to the facts in the administrative charge, right-to-sue letter, and complaint. *Pacheco v. Mineta*, 448 F.3d 783, 789 (5th Cir. 2006). Although the resulting suit can involve "any kind of discrimination like or related to the charge's allegations," the charge must be sufficient to put the employer on notice of the plaintiff's allegations. *Id.*

Plaintiffs fail to exhaust their administrative remedies by either foregoing the above process or asserting claims beyond the scope of the charge and right-to-sue letter. *Id.* "Courts should not condone lawsuits that exceed the scope of EEOC exhaustion because doing so would thwart

the administrative process and peremptorily substitute litigation for conciliation." *McClain*, 519 F.3d at 274. While not jurisdictional, this requirement "is a precondition to filing suit in district court." *Cruce v. Brazosport Indep. Sch. Dist.*, 703 F.2d 862, 863 (5th Cir. 1983). Thus, complaints asserting unexhausted claims should be dismissed for failure to state a claim under Rule 12(b)(6). *Id.*; *Dao*, 96 F.3d at 788; *King v. Life Sch.*, 809 F. Supp. 572, 578 (N.D. Tex. 2011).

In some instances, other documents besides a formal Charge of Discrimination can satisfy the exhaustion requirement. *See Ernst v. Methodist Hosp. Sys.*, 1 F.4th 333, 337 (5th Cir. 2021) (citing *Fed. Express Corp. v. Holowecki*, 552 U.S. 389, 405–07 (2008)); *EEOC v. Vantage Energy Servs., Inc.*, 954 F.3d 749, 753–54 (5th Cir. 2020). An intake form like the one submitted by Macintyre in this case can satisfy the charge-filing requirement if the document can be "reasonably construed as a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and the employee." *Vantage*, 954 F.3d at 753–54 (quotations omitted). An intake form must also be signed by the complainant and verified as required under governing regulations to satisfy the charge-filing requirement for exhaustion. *Ernst*, 1 F.4th 333 at 337 (citing 29 C.F.R. § 1601.9); *see also Patton v. Jacobs Eng'g Grp., Inc.*, 874 F.3d 437, 443 (5th Cir. 2017) (An "intake questionnaire [that] is not verified as required by EEOC regulations . . . cannot be deemed a charge.").

Here, on March 31, 2025, Macintyre submitted the Charge to the EEOC. *See ECF No. 24*. The particulars of the Charge read in full:

> I claim that the following U.S. Government employees discriminated against me based on my gender: Chip LNU (male), Arlene LNU (female), Miranda Levine (female), Mike Parrish (male), Veronica LNU (female), and Andrew Ho (male). I claim that Respondent employee Scott Trotter (male) discriminated against me because of my gender. I assert that Scott said that Women are only the assistants and men are the engineers. I assert that Chip would sometimes be near me. I never told Chip to move further away from me.

The new program manager Arlene and Lead Engineer Mikaela pulled me into Maria's old. Office to complain about me almost immediately. I was accused of being hostile and not happy. I explained what happened on the other program and then they complained to Raul about me. Resulting in another meeting to discuss government complaints on October 16, 2024. Arlene pressed me on the alleged harassment that I mentioned to her.

On or about October 16, 2024, I met with Respondent employees Troy and Raul regarding the alleged harassment.

On or about October 31, 2024, I was fired. I was told that the U.S. Government directed my removal. The reasons given for my discharge included repeated lack of engagement and cooperation with HR and the Astrion team despite multiple outreach efforts and performance-related discussions regarding my productivity and job responsibilities. I disagree with those reasons and contend that I never had any performance-related discussions.

Shortly before I was fired, I had applied for another position with Respondent, but I was told over the phone by Troy that I was not going to be considered for that position.

I believe that I was discriminated against and retaliated against in violation of Title VII of the Civil Rights Act of 1964, as amended.

*Id.* at 3–4. The Charge therefore includes no claims relating to Macintyre's disability or age.

In her Response, Macintyre concedes that "while the [C]harge did not have the boxes checked for age and disability, [Macintyre's] inquiry and the information that she gave the investigator clearly alleged claims of age discrimination and retaliation." *ECF No. 28* at 5. Attached to Macintyre's Response as an exhibit, among other items,[1] is the pre-charge Inquiry Form Macintyre submitted December 9, 2024. *ECF No. 28-2* at 28–30. In the pre-charge Inquiry Form, the "Reason for Complaint" states: "Age – I am 40 years of age or older, Sex (including pregnancy,

---

[1] These documents appear to consist of: (1) an EEOC Public Portal Log; (2) an Email Log; (3) EEOC Investigator Steven Cooney's Notes; (4) the Charge; (5) a Notice of Charge of Discrimination sent to Astrion; (6) a Right to Sue Letter; (7) a pre-charge Inquiry Form Macintyre submitted December 9, 2024; (8) Emails between Macintyre and EEOC Investigator Steven Cooney; (8) a document titled "Astrion Offboarding Debrief"; (9) various documents relating to Macintyre's separation from Astrion; and (10) an email from Macintyre to Jennifer Higgons, an Astrion Human Resources Representative. *Id.*

sexual orientation and gender identity), Retaliation – I complained to my employer about job discrimination." *Id*. at 29.


In its Reply, Astrion argues that the pre-charge Inquiry Form submitted by Macintyre cannot satisfy the exhaustion requirement as to her ADA and ADEA causes of action because it did not include any factual allegations regarding disability discrimination or any other violations of these statutes. The Court agrees.

"One of the central purposes of the employment discrimination charge is to put employers on notice of the existence and nature of the charges against them." *Ernst*, 1 F.4th at 338–39 (quotations omitted). "That rationale for the charge requirement is important because, in addition to promoting fairness for the employer, it gives the EEOC the opportunity to investigate and facilitate potential conciliation before lawsuits ensue." *Id.* at 339. The scope of an EEOC complaint must be construed liberally, so as to consider the substance of its factual allegations. *Pacheco v. Mineta*, 448 F.3d 783, 788–89 (5th Cir. 2006). The inquiry is whether any ensuing administrative investigation which "can reasonably be expected to grow out of the charge of discrimination" would have encompassed the claims at issue. *Id.* at 789 (internal quotation omitted).

While Macintyre cites *Federal Express Corp. v. Holowecki* in support of her position, the Court finds the instant case distinguishable based on the facts as alleged and the documents presented by Plaintiff. 552 U.S. 389 (2008). In *Federal Express Corp.*, the Supreme Court stated "the [EEOC] is not required to treat every completed Intake Questionnaire as a charge . . . In this case, however, the completed questionnaire . . . was supplemented with a detailed six-page affidavit. At the end of the last page, respondent asked the agency to '[p]lease force Federal Express

to end their age discrimination plan so we can finish out our careers absent the unfairness and hostile work environment created within their application of *Best Practice/High–Velocity Culture Change*' . . . This is properly construed as a request for the agency to act." *Id.*

Such is not always the case, however. As a sister district court has described:

> In *Ernst v. Methodist Hospital System*, the plaintiff alleged only race discrimination in his EEOC charge form but included additional allegations of sex discrimination and retaliation in his EEOC intake questionnaire. 1 F.4th 333, 338 (5th Cir. 2021). The Fifth Circuit found that, because the questionnaire was not verified and because plaintiff's employer did not receive notice of the additional allegations during the EEOC investigation, plaintiff had failed to exhaust his administrative remedies. *Id.* at 339. The court in *McLeod v. Floor & Decor Outlets of America, Inc.*, No. 20-3134, 2021 WL 2515750 (N.D. Tex. June 18, 2021), reached a similar conclusion. In *McLeod*, the plaintiff filled out an online inquiry information form with the EEOC, which form was not sworn to or supported by plaintiff's unsworn declaration, more than three (3) weeks before filing a formal EEOC Charge of Discrimination form. *Id.* at *2. While the inquiry form mentioned retaliation, in addition to sex discrimination, the EEOC Charge included only an allegation of sex discrimination. *Id.* Per the court, "[t]he box for retaliation [wa]s unchecked and no mention [wa]s made of retaliation." *Id.* Following the Fifth Circuit's ruling in *Ernst*, the *McLeod* court concluded "that McLeod's unverified inquiry information form does not qualify as a charge and thus McLeod has failed to exhaust her administrative remedies regarding her Title VII retaliation claim." *Id.*

*Foster v. Jayden Hosp., LLC*, No. 3:20-CV-00359, 2021 WL 4498558, at *12 (M.D. La. Sept. 14, 2021), *R. & R. adopted,* No. 3:20-CV-00359, 2021 WL 4497482 (M.D. La. Sept. 30, 2021).

The Court finds these cases persuasive. Here, in the pre-charge Inquiry Form—which has not been signed or otherwise verified by Macintyre[2]—the "Reason for Complaint" states: "Age – I am 40 years of age or older, Sex (including pregnancy, sexual orientation and gender identity), Retaliation – I complained to my employer about job discrimination." *Id.* at 29. Given the pre-

---

[2] EEOC regulations require charges to be "verified" (i.e., "sworn to or affirmed before a notary public, designated representative of the Commission, or other person duly authorized by law to administer oaths and take acknowledgements, or supported by an unsworn declaration in writing under penalty of perjury"). *See* 29 C.F.R. § 1601.3; *see also Ernst v. Methodist Hosp. Sys.*, 1 F.4th 333, 338–39 (5th Cir. 2021) (finding unverified intake questionnaire inadequate); *McLeod v. Floor & Decor Outlets of Am., Inc.*, No. 3:20-CV-03134-E, 2021 WL 2515750, at *2 (N.D. Tex. June 18, 2021) (finding unverified inquiry form inadequate).

charge Inquiry Form is unverified, there are not any further allegations beyond this sole statement, and that there is no indication Astrion received notice of any age or disability based claims, the Court cannot conclude this is a situation, as described by *Holowecki*, "where the indicated discrimination is so clear or pervasive that the [EEOC] could infer from the allegations themselves [in the pre-charge Inquiry Form] that action is requested and required." 552 U.S. at 405.

Additionally, the documents attached to Macintyre's Response appear to undermine her position. *See ECF No. 28-2*. For example, in EEOC Investigator Steven Cooney's notes that Macintyre provided the Court, he details a March 28, 2025, Intake Interview with Macintyre. *ECF No. 28-2* at 13–14. In his notes, Steven Cooney reports: "Called [Charging Party ("CP")] and conducted interview. CP filed inquiry on age but only disused [sic] gender and wants to file . . . CP . . . believes all [named co-workers] harassed her because of her gender . . . CP wants to file [] on gender and retal." *Id*. at 13. Without any competing narrative, the Court finds Macintyre's claim the EEOC Investigator "pressured" her to "sign the charge as presented," without age and disability "checked as bases for her complaint," to be unsupported. The Court finally observes that an email from Macintyre to Jennifer Higgons, an Astrion Human Resources Representative—which does not appear to be referenced in Macintyre's Amended Complaint—also contains no allegations relating to age, disability, or any accommodation request. *See ECF Nos. 22* and *28-2* at 33–35.

## CONCLUSION

For the foregoing reasons, Defendant Astrion's Partial Motion to Dismiss, (*ECF No. 23*), is **GRANTED**. The following causes of action asserted by Plaintiff are **DISMISSED**:

    (5)    Disability Discrimination Under ADA, 42 U.S.C. § 12101, et. seq.

(7)    Hostile Work Environment and Intimidation in Violation of ADA, 42 U.S.C. § 12101, et. seq.

(12)    Age Discrimination Under 29 § 621, et. seq.

(13)    Retaliation for Complaints of Discrimination Based on Age Under 29 U.S.C. § 621, et. seq.

(14)    Hostile Work Environment and Intimidation in Violation of ADEA Under 29 U.S.C. § 621, et. seq.

It is so ORDERED.
SIGNED this 21st day of May, 2026.


_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE

11